UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRACY L. STEWART,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. McCOMBER, Warden,<br><br>　　　　Respondent. | No. CV 14-01747-DSF (DFM)<br><br>ORDER TO SHOW CAUSE |

　　On or about March 4, 2014, Petitioner Tracy L. Stewart ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition appears to be directed to a conviction sustained by Petitioner on August 29, 1986, in Los Angeles Superior Court, for which Petitioner was sentenced to life with the possibility of parole to run consecutively to a sentence of 34 years, 4 months. Petition, Exh. K. Petitioner raises claims of mental incompetence, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct.

　　Because this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set

forth at 28 U.S.C. § 2244(d). See <u>Calderon v. U.S. Dist. Ct. (Beeler)</u>, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), overruled in part on other grounds by <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc). 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In his Petition, Petitioner lists a Petition for Review to the California Supreme Court which was denied on March 22, 1989. Petition at 2 (¶ 9(e)(3)). Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on or about June 20, 1989, when the 90-day period for Petitioner to petition the United States Supreme Court for a writ of

certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Thus, if measured from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review," Petitioner's last day to file his federal habeas petition was June 20, 1990. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because neither of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears from the face of the Petition that Petitioner was aware of the <u>factual</u> predicate of his claims as of the time when his trial and appellate counsel took (or failed to take) the actions of which Petitioner complains in his Petition or when the trial judge recommended a psychological evaluation at sentencing. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was June 20, 1990, or almost a quarter-century ago. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. The only state collateral challenges filed by Petitioner subsequent to the date his judgment of

conviction became final are habeas petitions that Petitioner filed with the Los Angeles County Superior Court, California Court of Appeal, and California Supreme Court in October 2012, February 2013, and May 2013, respectively. See Petition ¶¶ 28-32. It does not appear to the Court that Petitioner would be entitled to any statutory tolling for any of those state habeas petitions because they were not filed until 2012, which was over two decades after Petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 130 S. Ct. 2548, 2560 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 130 S. Ct. at 2562. Here, although Petitioner briefly references that he was impeded by lockdowns, prison transfers, lack of access to law library, and other limitations, such a showing falls well short of demonstrating either diligence or extraordinary circumstances. "In general, the difficulties attendant on prison life, such as . . . lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." Haggerty v. Diaz, No. 12-2219, 2013 WL 4718171, at *6 (C.D. Cal. 2013) (citing Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D. N.Y. 2005)); see also Atkins v. Harris, No. 98-3188, 1999 WL 13719, at *2 (N.D. Cal. 1999) ("Petitioner's allegations of difficulty in gaining

library access, prison lockdowns, his lack of legal training . . . fail to meet the requisite extraordinary circumstances . . . . Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal petition.").

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before April 18, 2014, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated: March 14, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge